FILED
MAY 17 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANET MARCUSSE,                )
                               )
         Plaintiff,            )
                               )   Civil Action No.   10 0806
    v.                         )
                               )
BARACK OBAMA, *et al.*,        )
                               )
         Defendants.           )

## MEMORANDUM OPINION

This matter is before the Count on initial review of plaintiff's application to proceed *in forma* pauperis and *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff currently is serving a 25-year term of imprisonment. *See United States v. Flynn*, 265 Fed. Appx. 434, 439 (6th Cir.) (affirming convictions on charges of mail fraud, conspiracy, and money laundering in connection with the defendants' fraudulent investment scheme), *cert. denied*, 129 S. Ct. 316 (2008). In her complaint, she describes at length the criminal proceedings against her, including post-conviction proceedings, and likens them to proceedings to which enemy combatants are subjected. *See, e.g.*, Compl. ¶¶ 39, 42, 50. She demands a declaratory judgment "as to . . . whether . . . she has ever been classified, profiled, designated, or treated as a belligerent, unlawful belligerent, unlawful combatant, enemy combatant, terrorist, alien, or other similar label, and/or if such a classification or designation is currently pending, including in secret ex part proceedings."

*Id.* at 31 (internal quotation marks omitted).

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).

The Court has reviewed the plaintiff's complaint and concludes that it lacks a facially plausible claim. Accordingly, because the complaint fails to state a claim upon which relief can be granted, the Court will dismiss this action. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). An Order accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

DATE: 5/7/10